1   CHRISTOPHER C. MCNATT, JR. (SBN 174559)
    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2   2 North Lake Avenue, Suite 460
    Pasadena, CA 91101
3   Telephone: (626) 795-4700
    Facsimile: (626) 795-4790
4   cmcnatt@scopelitis.com

5   ROBERT S. BREWER, JR. (SBN 65294)
    RANDY S. GROSSMAN (SBN 17780)
6   MCKENNA LONG & ALDRIDGE LLP
    Suite 3300, Symphony Towers
7   750 B Street
    San Diego, CA  92101
8   Telephone:     (619) 595-5400
    Facsimile:      (619) 595-5450
9   rbrewer@mckennalong.com
    rgrossman@mckennalong.com

10
    Attorneys for Defendants
11  PENSKE LOGISTICS, LLC AND
    PENSKE TRUCK LEASING CO., L.P.

12
                    **UNITED STATES DISTRICT COURT**
13
                 **SOUTHERN DISTRICT OF CALIFORNIA**
14

15
    MICKEY LEE DILTS, RAY RIOS, and          CASE NO.  '08 CV 0318 JLS BLM
16  DONNY DUSHAJ, on behalf of
    themselves and all others similarly situated,   **CLASS ACTION**
17                                                **NOTICE OF REMOVAL**
                    Plaintiffs,
18
    v.
19
    PENSKE LOGISTICS, LLC, PENSKE
20  TRUCK LEASING CO., L.P., a Delaware
    corporation, and DOES 1 through 125,
21  inclusive,

22                  Defendants.

23

24      PLEASE TAKE NOTICE that Defendants, Penske Logistics, LLC ("Penske Logistics")

25  and Penske Truck Leasing Co., L.P. ("Penske Leasing"), hereby remove this case from the

26  Superior Court of San Diego County, California, to the U.S. District Court for the Southern

27  District of California.  In support of this removal, Defendants state as follows:

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

FILED

08 FEB 19 PM 3: 38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                     DEPUTY

1.   **The Action**.  Plaintiffs, Mickey Lee Dilts, Ray Rios, and Donny Dushaj, filed their Class Action Complaint for Damages, Injunctive Relief, and Restitution, captioned *Mickey Lee Dilts, Ray Rios, and Donny Dushaj, on behalf of themselves and all others similarly situated v. Penske Logistics, LLC., Penske Truck Leasing Co., L.P., a Delaware corporation, and Does 1 through 125, Inclusive*, Case No. 37-2008-00076108-CU-OE-CTL (the "Class Action Complaint"), in the Superior Court of San Diego County, California, on January 17, 2008.  The Class Action Complaint asserts causes of action for:  (a) failure to pay hourly and overtime wages and failure to pay piece rate overtime in violation of Cal. Lab. Code § 1194, IWC Wage Order 9-2001, and Cal. Code Regs. tit. 8, § 11090(3); (b) failure to provide meal periods or compensation in lieu thereof in violation of Cal. Lab. Code §§ 226.7 and 512, IWC Wage Order 9-2001, and Cal. Code Regs. tit. 8, § 11090(11); (c) failure to provide rest periods or compensation in lieu thereof in violation of Cal. Lab. Code § 226.7, IWC Wage Order 9-2001, and Cal. Code Regs. tit. 8, § 11090(12); (d) failure to comply with itemized employee wage statement provisions in violation of Cal. Lab. Code §§ 226(a), 1174, and 1175, and IWC Wage Order 7-2001(7); and (e) violations of the unfair competition law in violation of Cal. Bus. & Prof. Code §§ 17200-17208.  Copies of all of the pleadings and papers filed in the Superior Court of San Diego County, California of which Defendants are aware are attached as Exhibit A.

2.   **Statutory Grounds for Removal**.  This action is removable under 28 U.S.C. § 1441(a), 28 U.S.C. § 1441(b), and 28 U.S.C. § 1453.  28 U.S.C. §§ 1441(a)-(b) provide for the removal of state court civil actions over which U.S. District Courts have original jurisdiction.  As is explained in greater detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because this is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiffs and Defendants are citizens of different states.  As such, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a class action may be removed to a federal district court in accordance with 28 U.S.C. § 1446.

3.   **Citizenship of the Parties**.  Plaintiffs allege they are residents of the State of California, *Class Action Complaint* ¶¶ 11-13, and they are therefore citizens of California.

1    Penske Logistics, a Delaware limited liability company with its principal place of business

2    located in Pennsylvania, is wholly-owned by Penske Leasing. Penske Leasing, a Delaware

3    limited partnership with its principal place of business located in Pennsylvania, has a corporate

4    general partner and both limited liability company and corporate limited partners. The limited

5    liability company limited partners are wholly-owned by the same corporation. The citizenship of

6    Penske Logistics and Penske Leasing is therefore determined by the citizenship of the corporate

7    general and limited partners of Penske Leasing. The corporate general partner is a Delaware

8    corporation with its principal place of business located in Pennsylvania and is therefore a citizen

9    of Delaware and Pennsylvania. Three of the corporate limited partners are Delaware corporations

10   with their principal place of business located in Connecticut, and one corporate partner is a

11   Tennessee corporation with its principal place of business located in Connecticut. Defendants are

12   therefore citizens of Delaware, Pennsylvania, Connecticut and Tennessee. Plaintiffs' naming of

13   unidentified "Doe" defendants is irrelevant to removability. *See* 28 U.S.C. § 1441(a) ("For

14   purposes of removal under this chapter, the citizenship of defendants sued under fictitious names

15   shall be disregarded."); *Kruso v. Int'l Tel. & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir.

16   1989) (the naming of Doe defendants cannot defeat diversity jurisdiction). Thus, Plaintiffs and

17   Defendants are citizens of different states, and the diversity requirements of 28 U.S.C. §§

18   1332(a)(1) and 1332(d)(2) are satisfied.

19        **4.    The Aggregate Number of Proposed Class – 28 U.S.C. § 1332(d)(5)(B).**

20   Plaintiffs' define the proposed class to consist of "[a]ll of Defendants' California non-exempt

21   hourly delivery drivers and installers who worked for Defendants at any time four years prior to

22   the filing of this action through the date of trial ('Relevant Time Period')." *Class Action*

23   *Complaint* ¶ 30. Based on this allegation and from a review of its payroll records, Defendants

24   have determined that the aggregate number of the proposed class is at least 270, which is

25   therefore 100 members or greater required by 28 U.S.C. § 1332(d)(5)(B).

26        **5.    Amount in Controversy – 28 U.S.C. § 1332(d)(2).** To the best of Defendants'

27   information and belief, and without admitting either that it engaged in any improper conduct, that

28   Plaintiffs' claims have any merit, or that Plaintiffs are entitled to any of the relief they request, the

1 amount in controversy by virtue of the claims asserted by Plaintiffs on behalf of the putative class

2 exceeds $5,000,000, exclusive of interest and costs.  As stated, based on Plaintiff's proposed class

3 and a review of their payroll records, Defendants estimate that there are at least 270 putative class

4 members on average during any one calendar year during the Relevant Time Period (the "Annual

5 Class Members").  Based on payroll records, Defendants also estimate the average hourly rate of

6 pay for the Annual Class Members during the Relevant Time Period is $13 per hour (the

7 "Estimated Pay").

8  In their Class Action Complaint, Plaintiffs' First Cause of Action alleges that they are

9 entitled to recover compensation from Defendants for failing to pay straight time and overtime

10 wages for work performed pursuant to Cal. Lab. Code § 1194, IWC Wage Order 9-2001, and Cal.

11 Code Regs. tit. 8, § 11090(3).  *See Class Action Complaint* ¶¶ 46-49.  Based on the Estimated

12 Pay, the estimated average overtime pay for the Annual Class Members during the Relevant Time

13 Period would be approximately $19.50 per hour (the "Estimated Overtime Pay").   If Plaintiffs are

14 able to prove that half of the Annual Class Members is owed, as they allege, a half hour of

15 overtime at the Estimate Overtime Pay of $19.50 per hour, Plaintiffs' overtime claim for the

16 Relevant Time Period would amount to $1,368,900.

17  Plaintiffs' Second and Third Causes of Action allege that Plaintiffs are entitled to recover

18 from Defendants one additional hour of pay for each workday that meal and/or rest breaks were

19 not provided pursuant to Cal. Lab. Code §§ 512 and 226.7, IWC Wage Order 9-2001, and Cal.

20 Code Regs. tit. 8, § 11090(11) and (12).  *See Class Action Complaint* ¶¶ 50-57.  If Plaintiffs are

21 able to prove that each of the 270 Annual Class Members is entitled to recover one hour of pay

22 per day for missed meal and/or rest periods at the Estimated Pay of $13 per hour, Plaintiffs' meal

23 and rest period claims for the Relevant Time Period would amount to $3,650,400.

24  Plaintiffs' Fourth Cause of Action alleges that they are entitled to damages for

25 Defendants' failure to provide itemized wage statements pursuant to Cal. Lab. Code §§ 226(a),

26 1174, and 1175, and IWC Wage Order 7-2001(7).  *See Class Action Complaint* ¶¶ 58-61.  If

27 Plaintiffs are able to prove that itemized wage statements were not provided to each of the 270

28 Annual Class Members, Plaintiffs' damages for their Fourth Cause of Action for the Relevant

1   Time Period would amount to $1,080,000, based on the $4,000 per employee cap, pursuant to

2   Cal. Labor Code § 226(e).

3          For each of the first four causes of action, Plaintiffs claim the recovery of attorneys' fees

4   under the relevant statutes applicable to those causes of action.  Because there are statutes

5   authorizing an award of attorney fees in connection with those four causes of action, Plaintiffs'

6   anticipated attorneys fees are to be included in calculating the amount in controversy for purposes

7   of determining the jurisdictional amount.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-

8   56 (9th Cir. 1998) (attorney fees award may be included in the amount in controversy when an

9   underlying statute authorizes their award).

10         The amount in controversy therefore exceeds $5,000,000 on the basis of the claims set out

11  in Plaintiffs' First, Second, Third and Fourth Causes of Action alone.  Thus, Plaintiffs' allegations

12  establish that the amount in controversy in this class action is in excess of 28 U.S.C. §

13  1332(d)(2)'s $5,000,000 jurisdictional threshold.

14         **6.**      **Class Action.**  This case is a class action within the meaning of 28 U.S.C. §§

15  1332(d)(2) and 1453.  Those statutes provide that a class action is a civil action filed either under

16  Rule 23 of the Federal Rules of Civil Procedure or under a similar state statute or rule that

17  authorizes one or more representative persons to maintain a class action.  Id.  In this case,

18  Plaintiffs' Class Action Complaint expressly states at ¶ 30 that Plaintiffs have filed it as such

19  under Cal. Code of Civil Procedure, § 382, which authorizes representative actions.  There are

20  100 or more persons falling within the class definition set out at ¶ 30 of the Class Action

21  Complaint.

22         **7.**      **Timeliness of Removal.**  Pursuant to 28 U.S.C. § 1446(b), a defendant must file a

23  notice of removal "within 30 days after the receipt [of the complaint] by the defendant, through

24  service or otherwise."  Defendants received a copy of Plaintiffs' Class Action Complaint on

25  January 19, 2008, but were served at a later date.  Defendants' notice of removal is timely filed on

26  this date, Tuesday, February 19, 2008.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

27  526 U.S. 344, 354 (1999); *Poway Unified School Dist. v. Stewart*, No. 07CV1060 WQH (POR),

28  2007 WL 3053039, *1 (S.D. Cal. 2007); Fed. R. Civ. P. 6(e).

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- 5 -

8.    **Notice of Removal to Adverse Parties and to State Court Clerk.**  Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of this removal to Plaintiffs and to the Clerk of the Superior Court of San Diego County, California.  Specifically, promptly after filing this Notice of Removal, Defendants will send to Plaintiffs and will file with the Clerk of the Superior Court of San Diego County, California a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as <u>Exhibit B</u>.

9.    **No Waiver.**  By filing this Notice of Removal, Defendants do not waive any defenses available to them.

WHEREFORE, Defendants respectfully remove this case to this Court.

Dated: February 19, 2008

SCOPELITIS, GARVIN, LIGHT, HANSON
&  FEARY, LLP

MCKENNA LONG & ALDRIDGE LLP

By:

Robert S. Brewer, Jr.
Randy S. Grossman

Attorneys for Defendants
PENSKE LOGISTICS, LLC AND
PENSKE TRUCK LEASING CO., L.P.

SD:22163267.2

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

**EXHIBIT A**

Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |
| FILED |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PENSKE LOGISTICS, L.L.C., PENSKE TRUCK LEASING CO.,
L.P., a Delaware corporation, and DOES 1 through 125,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICKEY LEE DILTS, RAY RIOS, and DONNY DUSHAJ, on
behalf of themselves and all others similarly
situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>Hall of Justice<br>330 West Broadway<br>San Diego, CA 92101<br>Central | **CASE NUMBER:**<br>*(Número del Caso):*<br>**37-2008-00076108-CU-OE-CTL** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy D. Cohelan, Esq. SBN 60827          619-595-3001     619-595-3000
Michael D. Singer, Esq. SBN 115301
COHELAN & KHOURY
605 C Street, Suite 200, San Diego, CA 92101

| DATE: **JAN 1 7 2008** | Clerk, by | I. REYES | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael D. Singer, Esq. SBN 115301 <br><br>COHELAN & KHOURY<br>605 C Street, Suite 200<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-595-3001   FAX NO.: 619-595-3000<br>ATTORNEY FOR (Name): Plaintiffs | FILED<br>(illegible stamp)<br><br>'08 WII 17 P 4:26<br><br>(illegible) |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: Hall of Justice
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101x
BRANCH NAME: Central

CASE NAME: Dilts, et al. v. Penske Logistics, L.L.C., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2008-00076108-CU-OE-CTL |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

**2.** This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties  d. [x] Large number of witnesses
b. [x] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
c. [x] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action (specify): Five (5)

**5.** This case [x] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 17, 2008

Michael D. Singer, Esq. SBN 115301
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

1  Timothy D. Cohelan, Esq., SBN 60827
   Michael D. Singer, Esq., SBN 115301
2  J. Jason Hill, Esq., SBN 179630
   **COHELAN & KHOURY**
3  605 "C" Street, Suite 200
   San Diego, CA 92101-5305
4  TEL:   (619) 595-3001
   FAX:   (619) 595-3000
5
   Attorneys for Plaintiffs MICKEY LEE DILTS, RAY RIOS, and DONNY DUSHAJ
6  on behalf of themselves and all others similarly situated,

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| 10  MICKEY LEE DILTS, RAY RIOS, and | ) CASE NO.   37-2008-00076108-CU-OE-CTL |
| DONNY DUSHAJ, on behalf themselves and all | ) |
| 11  others similarly situated, | ) **CLASS ACTION COMPLAINT FOR** |
| | ) **DAMAGES, INJUNCTIVE RELIEF, AND** |
| 12 | ) **RESTITUTION** |
| 13              Plaintiffs, | ) **1)  Failure to Pay Hourly and Overtime** |
| | ) **Wages (Lab. Code §1194; IWC Order 7-** |
| 14 | ) **2001) and Failure to Pay Piece Rate** |
| | ) **Overtime (Lab. Code §§.1194, 1199)** |
| 15         v. | ) |
| | ) **2)  Failure to Provide Meal Periods or** |
| 16 | ) **Compensation in Lieu Thereof (Lab. Code,** |
| | ) **§§ 226.7, 512; IWC Order 9-2001(11); Cal.** |
| 17 | ) **Code Regs., Title 8, § 11090(11)** |
| 18  PENSKE LOGISTICS, L.L.C., | ) |
| PENSKE TRUCK LEASING CO., L.P. a | ) **3)  Failure to Provide Rest Periods or** |
| 19  Delaware corporation, and DOES 1 through 125, | ) **Compensation in Lieu Thereof (Lab. Code,** |
| Inclusive, | ) **§ 226.7; IWC Order 9-2001(12); Cal. Code** |
| 20 | ) **Regs., Title 8, § 11090(12))** |
| 21              Defendants. | ) **4)  Knowing and Intentional Failure to** |
| | ) **Comply With Itemized Employee Wage** |
| 22 | ) **Statement Provisions (Lab. Code, §226(b))** |
| 23 | ) **5)  Violations of the Unfair Competition** |
| | ) **Law (Bus. & Prof. Code, §§ 17200-17208)** |
| 24 | ) |
| 25 | ) **DEMAND FOR JURY TRIAL** |
| 26 | ) |
| 27 | ) |
| 28 | ) |

                                            1

Class Action Complaint

Plaintiffs MICKEY LEE DILTS, RAY RIOS, and DONNY DUSHAJ, on behalf of themselves and all others similarly situated, complain and allege as follows:

## I.

## INTRODUCTION

1.      This case arises out of the failure to pay its hourly non-exempt employees straight-time wages for all hours worked, failure to pay premium overtime compensation for time worked beyond eight (8) hours per workday or forty (40) hours per workweek, failure to provide statutory meal periods and rest breaks, and failure to provide accurate itemized wage statements. The preceding applies to certain California employees currently employed by, or formerly employed by PENSKE LOGISTICS, L.L.C., a Delaware Corporation conducting business throughout the State of California, and  PENSKE TRUCK LEASING CO., L.P. (collectively "Penske"), a Delaware Corporation, also conducting business throughout the State of California. The proposed Plaintiff Class consists of persons classified as hourly Non-Exempt employees and other similarly situated employees of Defendants ("Penske's Non-Exempt Employees") who, during the class period, which is defined as four years prior to filing the complaint through the present, were required to perform off the clock work while clocked out for meal periods, were not paid all hourly and over time wages, were denied meal periods, rest breaks, or an hour's pay in lieu thereof, and experienced other wage and hour law violations.

2.      During the class period, Defendants paid some of their non-exempt employees on a piece rate basis, but failed to pay those employees proper piece rate overtime in violation of California wage and hour laws.

3.      During the class period, Defendants had a consistent policy requiring Penske's Non-Exempt Employees, including Plaintiffs, to perform work-related duties while checked out for meal periods without being compensated at their regular rate or overtime rate of pay in violation of California state wage and hour laws.

4.      During the class period, Defendants have had a consistent policy of failing to pay Penske's Non-Exempt Employees within the State of California, including Plaintiffs, all hourly

2

Class Action Complaint

1     and overtime wages.

2         5.      During the class period, Defendants have had a consistent policy of requiring

3     Penske's Non-Exempt Employees within the State of California, including Plaintiffs, to work

4     through meal periods or work without a meal period for at least five (5) hours of a shift and

5     failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation

6     for each workday that the meal period is not provided, or other compensation, as required by

7     California state wage and hour laws.

8         6.      During the class period, Defendants have had a consistent policy of failing to

9     authorize, permit, and provide Penske's Non-Exempt Employees within the State of California,

10     including Plaintiffs, rest periods of at least ten (10) minutes per four (4) hours worked or major

11     fraction thereof and failing to pay such employees one (1) hour of pay at their regular rate of

12     compensation for each workday that the rest period is not provided, or other compensation, as

13     required by California state wage and hour laws.

14         7.      Plaintiffs, on behalf of themselves and all Class Members, bring this action

15     pursuant to Labor Code sections 218, 226.7, 510, 512, 1194, and California Code of Regulations,

16     Title 8, section 11090 seeking unpaid hourly and overtime wages, unpaid rest and meal period

17     compensation, minimum reporting time pay, compensation for required purchases, penalties,

18     injunctive and other equitable relief, and reasonable attorneys' fees and costs.

19         8.      Plaintiffs, on behalf of themselves and all Class Members, bring this action

20     pursuant to Business and Professions Code sections 17200-17208, seeking injunctive relief,

21     restitution, and disgorgement of all benefits Defendants enjoyed from their failure to provide

22     hourly wages, overtime wages for off-the-clock work, rest and meal period compensation, and

23     minimum reporting time pay.

24

25                            **II.**

26             **JURISDICTION AND VENUE**

27         9.      The amount in controversy arising from the actions and statutory violations as

28     further described herein is sufficient to implicate the general jurisdiction of the Superior Court in

3

Class Action Complaint

1   and for the County of San Diego.

2      10.   Based on information and belief, and records maintained pursuant to the

3   California Secretary of State, venue as to each Defendant is proper in this judicial district,

4   pursuant to Code of Civil Procedure section 395, as Defendants, each an out of state corporation,

5   conduct business, maintain an office address and operate facilities in the County of San Diego,

6   and have failed to identify any principal place of business with the California Secretary of State,

7   such that venue is proper in any county where the Defendants may be located.  Further, based on

8   information and belief, some or all of the alleged harms herein occurred as putative class

9   members are employed in the County of San Diego.

10

11                                 **III.**

12                          **THE PARTIES**

13  **A.   The Plaintiffs**

14      11.   Plaintiff Mickey Lee Dilts is a resident of the State of California. At all relevant

15  times herein, Plaintiff Dilts was employed by Defendants as a Driver Installer in and around

16  Ontario, California, and was employed by Penske as an hourly employee in a Non-Exempt

17  capacity during the liability period.

18      12.   Plaintiff Ray Rios is a resident of the State of California. At all relevant times

19  herein, Plaintiff Rios was employed by Defendants as a Driver Installer in and around  Ontario,

20  California, and was employed by Penske as an hourly employee in a Non-Exempt capacity during

21  the liability period.

22      13.   Plaintiff Donny Dushaj is a resident of the State of California. At all relevant

23  times herein, Plaintiff Dushaj was employed by Defendants as a Driver Installer in and around

24  Ontario, California, and was employed by Penske as an hourly employee in a Non-Exempt

25  capacity during the liability period.

26      14.   Plaintiffs were regularly required to:

27          a.   work off the clock while clocked out for meal periods;

28          b.   work in excess of eight (8) hours in a day and/or forty (40) hours in a week

                                      4

Class Action Complaint

without overtime premium wages;

    c.    work in excess of eight (8) hours in a day and/or forty (40) hours in a week without appropriate piece rate overtime;

    d.    work through rest and meal periods;

    e.    work in excess of five (5) and/or ten (10) hours per day without being provided a first and/or second meal period and not being compensated one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

    f.    work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and not being compensated one (1) hour of pay or other compensation at their regular rate of compensation for each work day that a rest period was not provided;

**B.**  **The Defendants**

    15.    Defendant, PENSKE LOGISTICS, L.L.C., a Delaware Corporation, and any subsidiaries or affiliated companies, are engaged in the ownership and operation of facilities throughout California. During the liability period, Defendants employed Plaintiffs and similarly situated persons as Penske's Non-Exempt Employees within California.  On information and belief, Penske is conducting business in good standing throughout the State of California.

    16.    Defendant, PENSE TRUCK LEASING CO., L.P., a Delaware Corporation, and any subsidiaries or affiliated companies, are engaged in the ownership and operation of facilities throughout California. During the liability period, Defendants employed Plaintiffs and similarly situated persons as Penske's Non-Exempt Employees within California.  On information and belief, Penske is conducting business in good standing throughout the State of California, and has business presence in the County of San Diego.

    17.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 125, inclusive, are currently unknown

5

Class Action Complaint

1  to Plaintiffs, who therefore sue Defendants by such fictitious names under Code of Civil

2  Procedure section 474.  Plaintiffs are informed and believe, and based thereon allege, that each of

3  the Defendants designated herein as a DOE is legally responsible in some manner for the

4  unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to

5  reflect the true names and capacities of the Defendants designated hereinafter as DOES when

6  such identities become known.

7      18.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant

8  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a

9  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

10  Defendant are legally attributable to the other Defendants.

11

12                              **IV.**

13                    <u>**GENERAL ALLEGATIONS**</u>

14      19.    Defendants operate and, at all times during the liability period, have conducted

15  business throughout the State of California for purposes of business inventory management and

16  installation operations for residents located in California.  Defendants employ non-exempt

17  hourly employees to drive Penske's trucks in order to deliver appliances and other third party

18  good to individual home owners, contractors, and developers.

19      20.    Upon information and belief, Penske is staffed by, among other positions, Non-

20  Exempt delivery installers and drivers or other similar positions.  Upon information and belief,

21  these employees work in Non-Exempt, non-managerial positions and include, but are not limited

22  to, drivers, installers, and other similarly situated employees, and have not been paid during the

23  relevant liability period legal wages, overtime wages California Labor Code, Industrial Welfare

24  Commission Wage Order 9-2001 and other applicable Wage Orders; were not provided rest

25  periods for work periods of four hours or major fractions thereof or meal periods for work days

26  in excess of five (5) and or ten (10) hours; and were not compensated one hour's wages or other

27  compensation in lieu thereof.

28      21.    Plaintiffs are informed and believe, and based thereon allege, Defendants

                                        6

Class Action Complaint

1   currently employ, and during the relevant time period have employed, thousands of employees in

2   the State of California in Non-Exempt positions such as delivery installers, drivers, and other

3   similar positions..

4       22.    Penske's Non-Exempt Employees spend the majority of their time doing the

5   following routine, non-discretionary tasks, including but not limited to, delivering and/or

6   installing appliances in homes. These duties occupy more than 50% of the work time of each

7   Penske's Non-Exempt Employee.

8       23.    Penske's Non-Exempt Employees are, and at all relevant times pertinent hereto,

9   have been Non-Exempt employees within the meaning of California Labor Code, and the

10  implementing rules and regulations of the IWC California Wage Orders.

11      24.    During the class period, Penske used a computer system to record the Plaintiff

12  Class Members' time. This system automatically deducted 30 minutes from each Plaintiff Class

13  Members work time when calculating regular and overtime hours. This deduction occurred

14  without regard to whether or not a 30 minute meal period was taken and constitutes a violation of

15  the California Labor Code, appropriate regulations, and is unfair and deceptive to employees of

16  the Defendant. Additionally, Penske management instructed Plaintiff Class Members to log rest

17  and meal periods even if the Plaintiff Class worked through their statutory rest breaks and/or

18  meal periods.

19      25.    During the class period, each named Plaintiff and members of the Plaintiff Class

20  were employed by Defendants as Penske's Non-Exempt Employees and were paid on an hourly

21  basis.

22      26.    During the class period, Plaintiffs and members of the Plaintiff Class were

23  required to work off-the-clock and were not paid for all regular hours worked.

24      27.    During the class period, Plaintiffs and the members of the Plaintiff Class were

25  required to work in excess of four (4) hours without being provided a rest period and were

26  required to work in excess of five (5) and/or ten (10) hours per day, without being provided meal

27  periods, as mandated under the California Labor Code, and the implementing rules and

28  regulations of the IWC California Wage Orders.

7

Class Action Complaint

1    28.    During the class period, Plaintiffs and the members of the Plaintiff Class were not

2    paid overtime premium compensation for all hours worked in excess of eight (8) hours per day

3    and/or forty (40) hours per week.

4    29.    During the class period, some members of the Plaintiff Class were paid on a piece

5    rate basis. Defendants failed to pay these Plaintiff Class members appropriate piece rate overtime

6    compensation for hours worked over eight (8) in a workday, or forty (40) in a workweek.

7

8                                    V.

9                        **CLASS ACTION ALLEGATIONS**

10    30.    Plaintiffs bring this action on behalf of themselves and all others similarly situated

11    as a class action pursuant to section 382 of the Code of Civil Procedure. Plaintiffs seek to

12    represent a Class composed of and defined as follows:

13          All of Defendants' California non-exempt hourly delivery drivers
            and installers who worked for Defendants at any time four years
14          prior to the filing of this action through the date of trial ("Relevant
            Time Period").
15
16    31.    Plaintiffs also seek to bring this action on behalf of themselves and all other

      similarly situated persons in a sub-class of the Plaintiff Class, which is composed of and defined
17
      as follows:
18
            Plaintiff Sub-Class: All Plaintiff Class Members who worked off-the-clock while
19          clocked out for meal periods.

20    32.    Plaintiffs also seek to bring this action on behalf of themselves and all other

21    similarly situated persons in a sub-class of the Plaintiff Class, which is composed of and defined

22    as follows:

23          Plaintiff Sub-Class: All Plaintiff Class Members who worked in excess of eight
            (8) hours in a day and/or forty (40) hours in a week and who were not paid
24          overtime premium compensation.

25    33.    Plaintiffs also seek to bring this action on behalf of themselves and all other

26    similarly situated persons in a sub-class of the Plaintiff Class, which is composed of and defined

27    as follows:

28          Plaintiff Sub-Class: All Plaintiff Class Members who were paid on a piece rate

                                        8

Class Action Complaint

basis and worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and who were not paid piece rate overtime premium compensation.

34.     Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as follows:

> Plaintiff Sub-Class: All Plaintiff Class Members who were not provided with statutory meal periods and who were not paid the hour of pay owed for meal periods that were not provided.

35.     Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as follows:

> Plaintiff Sub-Class: All Plaintiff Class Members who were not provided with statutory rest periods and who were not paid the hour of pay owed for rest periods that were not provided

36.     Plaintiffs also seek to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as follows:

> Plaintiff Sub-Class: All Plaintiff Class Members who were required to report for work and reported to work, but were not put to work or were furnished less than half the usual or scheduled day's work, and were not paid for half the usual or scheduled day's work.

37.     Plaintiffs also seeks to bring this action on behalf of themselves and all other similarly situated persons in a sub-class of the Plaintiff Class, which is composed of and defined as follows:

> Plaintiff Sub-Class: All Plaintiff Class Members whom Defendants did not reimburse for the required purchase of specialty items

38.     Plaintiffs reserve the right under Rule 3.765(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

39.     This action has been brought and may be properly maintained as a class action under the provisions section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

9

Class Action Complaint

**A.     Numerosity**

40.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time periods employed, thousands of employees, many in the State of California, in positions as Penske's Non-Exempt Employees dispersed throughout California who have been affected by Defendants' policy of requiring hourly employees to work off-the-clock during meal periods, requiring such employees to work in excess of eight (8) hours in a day or forth (40) hours in a week without premium overtime compensation, and requiring such employees to work through meal periods and not providing rest or second meal periods without the appropriate legal compensation.

41.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Upon information and belief, Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable, nor are the individual damages sufficient to meaningfully allow for practical resolution through individualized litigation.

**B.     Commonality**

42.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

1.     Whether Defendants violated California labor law and IWC Wage Order 9-2001 by requiring the Plaintiff Class members to work off-the-clock while clocked out for meal periods;

2.     Whether Defendants violated California labor law by failing to pay Plaintiff Class members proper overtime premium compensation for all hours worked in excess of eight (8) per day and/or forty (40) per week;

10

Class Action Complaint

3.     Whether Defendants violated California labor law by failing to pay Plaintiff Class members proper piece rate overtime compensation for all hours worked in excess of eight (8) per day and/or forty (40) per week;

4.     Whether Defendants violated Labor Code sections 226.7 and 512, IWC Wage Order 7-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8 section 11090 by failing to provide meal periods to Penske's Non-Exempt Employees on days they worked in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

5.     Whether Defendants violated Labor Code sections 226.7 and 512, Wage Order 7-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11090 by failing to provide second meal periods to Penske's Non-Exempt Employees on days they worked in excess of ten hours;

6.     Whether Defendants violated Labor Code sections 226.7, Wage Order 9-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11090 by failing to provide daily rest periods to Penske's Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hour's wages in lieu of rest periods;

7.     Whether Defendants violated Labor Code section 226 by failing to provide correct itemized statements to Penske's Non-Exempt Employees;

8.     Whether Defendants violated sections 17200, *et seq.* of the Business and Professions Code by failing to pay wages for all hours worked, failing provide rest and meal periods without compensating non-exempt employees one hour's pay for every day

11

Class Action Complaint

1                       such periods were not provided;

2          9.      Whether Defendants violated sections 17200, *et. seq.* of the

3                       Business and Professions Code and Labor Code sections 218,

4                       226.7, 512, 1194, IWC Wage Order 9-2001 and other applicable

5                       IWC Wage Orders of which violation constitutes a violation of

6                       fundamental public policy; and

7         10.      Whether Plaintiffs and the members of the Plaintiff Class are

8                       entitled to equitable relief pursuant to Business and Professions

9                       Code sections 17200, *et. seq.*

**C.**     **Typicality**

43.      The claims of the named Plaintiffs are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.**     **Adequacy of Representation**

44.      Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

**E.**     **Superiority of Class Action**

45.      A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay hourly wages, failing to pay overtime wages for off-the-clock working while clocked out for meal periods, denying Class Members rest and meal periods without legal compensation, and requiring employees to work in excess of ten hours per day without second meal periods. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is

12

Class Action Complaint

1   most efficient and economical for the parties and the judicial system.  Plaintiffs are unaware of

2   any difficulties that are likely to be encountered in the management of this action that would

3   preclude its maintenance as a class action.

4

5                                              **VI.**

6                                   **CAUSES OF ACTION**

7                                  **FIRST CAUSE OF ACTION**
    **Failure to Pay Hourly and Overtime Wages  and Failure to Pay Piece Rate Overtime**
8    **(Labor Code §1194; IWC Wage Order 7-2001; Cal. Code Regs., Title 8 § 11070(3))**

9        46.     Plaintiffs incorporate paragraphs 1 through 45 as though fully set forth herein.

10       47.     By their failure to pay straight time and overtime wages, as alleged above,

11  Defendants willfully breached their agreement to pay hourly wages, violating the provisions of

12  Labor Code section 1194, IWC Wage Order 9-2001 and California Code of Regulations, section

13  11090(3).  Further, some employees as part of a separate subclass were to be paid a piece-rate

14  schedule of compensation for jobs done during the workday, however, the Defendants, and each

15  of them, failed to properly compensate or calculate the piece-rate of the plaintiffs and failed to

16  provide premium compensation for a piece-rate completion for those employees who agreed to

17  such compensation rates.

18       48.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek

19  to represent have been deprived of straight time, regular overtime wages, piece rate overtime

20  and/or other compensation in amounts to be determined at trial, and are entitled to recovery of

21  such amounts, plus interest thereon, attorneys' fees, and costs.

22       49.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as

23  described below.

24                                  **SECOND CAUSE OF ACTION**
    **Failure to Provide Meal Periods or Compensation in Lieu Thereof**
25   **(Labor Code §§ 226.7, 512; IWC Order 7-2001 (11); Cal. Code Regs., Title 8 § 11070(11))**

26       50.     Plaintiffs incorporate paragraphs 1 through 49 as though fully set forth herein.

27       51.     By their failure to provide minimum statutory first and second meal periods, and

28  failing to provide compensation for such unprovided meal periods, as alleged above, Defendants

                                            13

Class Action Complaint

1  willfully violated the provisions of Labor Code sections 226.7 and 512, IWC Wage Order No. 9-
2  2001 and California Code of Regulations, section 11090(11).

3      52.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek
4  to represent have been deprived of premium wages and/or other compensation in amounts to be
5  determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys'
6  fees, and costs.

7      53.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as
8  described below.

9                          **THIRD CAUSE OF ACTION**
                  **Failure to Provide Rest Periods or Compensation in Lieu Thereof**
10   **(Labor Code § 226.7; IWC Order7-2001(12); Cal. Code Regs., Title 8 § 11070(12))**

11     54.    Plaintiffs incorporate paragraphs 1 through 53 as though fully set forth herein.

12     55.    By their failure to provide rest periods for every four (4) hours or major fraction
13  thereof worked per day by non-exempt employees, and failing to provide compensation for such
14  unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor
15  Code section 226.7, IWC Wage Order No. 9-2001, and California Code of Regulations, section
16  11090(12).

17     56.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek
18  to represent have been deprived of premium wages and/or other compensation in amounts to be
19  determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys'
20  fees, and costs.

21     57.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as
22  described below.

23                        **FOURTH CAUSE OF ACTION**
        **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement**
24                                  **Provisions**
                          **(Labor Code §§226(b), 1174, 1175)**
25

26     58.    Plaintiffs incorporate paragraphs 1 through 57 as though fully set forth herein.

27     59.    Section 226(a) of the California Labor Code requires Defendants to itemize in
28  wage statements all deductions from payment of wages and to accurately report total hours

                                        14

Class Action Complaint

1   worked by Plaintiffs and members of the Plaintiff Class. Defendants have knowingly and

2   intentionally failed to comply with Labor Code section 226(a) on each and every wage statement

3   that should have been provided to Plaintiffs and members of the Plaintiff Class.

4        60.     Section 1174 of the California Labor Code requires Defendants to maintain and

5   preserve, in a centralized location, among other items, records showing the names and addresses

6   of all employees employed, payroll records showing the hours worked daily by and the wages

7   paid to its employees. Defendants have knowingly and intentionally failed to comply with Labor

8   Code section 1174. Defendants' failure to comply with Labor Code §1174 is unlawful pursuant

9   to Labor Code §1175.

10       61.     IWC Wage Order 7-2001(7) requires Defendants to maintain time records

11   showing, including but not limited to, when the employee begins and ends each work period,

12   meal periods, and total daily hours worked in an itemized wage statements, and must show all

13   deductions from payment of wages, and accurately report total hours worked by Plaintiffs and the

14   members of the proposed class.

**FIFTH CAUSE OF ACTION**
**Violations of the Unfair Competition Law**
**(Bus. & Prof. Code, §§ 17200-17208)**

17       62.     Plaintiffs incorporate paragraphs 1 through 61 as though fully set forth herein.

18       63.     Defendants' failure to pay for all working hours, overtime hours, and failure to

19   compensate for un-provided rest and meal periods to Plaintiffs and members of the Plaintiff

20   Class, under the IWC Wage Orders and under California Labor Code, as alleged herein,

21   constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

22       64.     The actions of Defendants in failing to pay Plaintiffs and members of the Plaintiff

23   Class in a lawful manner, as will be further alleged herein, constitute false, unfair, fraudulent and

24   deceptive business practices, within the meaning of Business and Professions Code section

25   17200, *et. seq.*

26       65.     Plaintiffs are entitled to an injunction, specific performance under Business and

27   Professions Code section 17202, and/or other equitable relief against such unlawful practices in

28   order to prevent future loss, for which there is no adequate remedy at law, and to avoid a

15

Class Action Complaint

1  multiplicity of lawsuits.  They bring this cause individually and as a representative of all others
2  subject to Defendants' unlawful acts and practices.
3         66.    As a result of their unlawful acts, Defendants have reaped and continue to reap
4  unfair benefits at the expense of Plaintiffs, and the Class they seek to represent.  Defendants
5  should be enjoined from this activity, caused to specifically perform its obligations, and made to
6  disgorge these ill-gotten gains and restore to Plaintiffs and the members of the Plaintiff Class the
7  wrongfully withheld wages and/or other monies pursuant to Business and Professions Code
8  section 17200 *et seq.*  Plaintiffs are informed and believe, and thereon allege, that Defendants are
9  unjustly enriched through their failure to provide hourly wages, failure to provide overtime
10 wages for off-the-clock working while clocked out for meal periods, failure to provide minimum
11 reporting time pay, failure to provide meal periods or compensation in lieu thereof, failure to
12 provide rest periods or compensation in lieu thereof, and failure to provide compensation for
13 required expenses to Plaintiffs and members of the Plaintiff Class.
14        67.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and
15 members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.
16        68.    As a direct and proximate result of the unfair business practices of Defendants,
17 and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are
18 entitled to equitable and injunctive relief, including full restitution, specific performance, and/or
19 disgorgement of all wages which have been unlawfully withheld from Plaintiffs and members of
20 the Plaintiff Class as a result of the business acts and practices herein and enjoining of
21 Defendants to cease and desist from engaging in the practices described herein.
22        69.    The illegal conduct alleged herein is continuing, and there is no indication that
23 Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are
24 not enjoined from the conduct set forth in this Complaint, they will continue to fail to provide
25 hourly wages, fail to provide overtime wages for off-the-clock working while clocked out for
26 meal periods, fail to provide meal periods or appropriate compensation in lieu thereof, fail to
27 provide rest periods or appropriate compensation in lieu thereof, and will fail to pay and avoid
28 paying appropriate taxes, insurance, and unemployment withholdings.

16

Class Action Complaint

70. Plaintiffs further request that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay hourly wages, require employees to work off-the-clock while clocked out for meal periods, and to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

71. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

## VII.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages in an amount according to proof with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For penalties for employees who were owed wages at termination under Labor Code section 203;

5. That Defendants be found to have engaged in unfair competition in violation of section 17200 of the California Business and Professions Code;

6. That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code sections 17203 and 17204;

7. That Defendants be enjoined from continuing the illegal course of conduct, as alleged herein;

8. That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 of the California Business and Professions Code;

9. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

10. For attorneys' fees, interests and costs of suit; and

17

Class Action Complaint

11.     For such other and further relief as the Court deems just and proper.

**COHELAN & KHOURY**

Dated: January 17, 2008                    By: _____
                                               Michael D. Singer, Esq.
                                               J. Jason Hill, Esq.
                                               Attorneys for Plaintiffs, MICKEY LEE
                                               DILTS, RAY RIOS, and DONNY DUSHAJ
                                               and the putative class.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

**COHELAN & KHOURY**

Dated: January 17, 2008                    By: _____
                                               Michael D. Singer, Esq.
                                               J. Jason Hill, Esq.
                                               Attorneys for Plaintiffs, MICKEY LEE
                                               DILTS, RAY RIOS, and DONNY DUSHAJ
                                               and the putative class.

Class Action Complaint

18

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:  San Diego, CA 92101 | |
| BRANCH NAME:         Central | |
| TELEPHONE NUMBER: (619) 685-6082 | |

| PLAINTIFF(S) / PETITIONER(S):     Mickey Lee Dilts et.al. |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Penske Logistics, L.L.C. et.al. |

| DILTS VS. PENSKE LOGISTICS, L.L.C. | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00076108-CU-OE-CTL |

Judge: Yuri Hofmann                                                    Department: C-60

**COMPLAINT/PETITION FILED: 01/17/2008**


### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**NOTICE OF CASE ASSIGNMENT**                                                    Page: 1

1  CHRISTOPHER C. MCNATT, JR. (SBN 174559)
   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2  2 North Lake Avenue, Suite 460
   Pasadena, CA 91101
3  Telephone:  (626) 795-4700
   Facsimile:  (626) 795-4790
4  cmcnatt@scopelitis.com

5  ROBERT S. BREWER, JR. (SBN 65294)
   RANDY S. GROSSMAN (SBN 17780)
6  MCKENNA LONG & ALDRIDGE LLP
   Suite 3300, Symphony Towers
7  750 B Street
   San Diego, CA  92101
8  Telephone:     (619) 595-5400
   Facsimile:     (619) 595-5450
9  rbrewer@mckennalong.com
   rgrossman@mckennalong.com
10
   Attorneys for Defendants
11
   PENSKE LOGISTICS, LLC AND
12 PENSKE TRUCK LEASING CO., L.P.

13           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                    **COUNTY OF SAN DIEGO**

15

16 | MICKEY LEE DILTS, RAY RIOS, and | CASE NO.  37-2008-00076108-CU-OE-CTL |

MICKEY LEE DILTS, RAY RIOS, and
DONNY DUSHAJ, on behalf of
themselves and all others similarly situated,

               Plaintiffs,

        v.

PENSKE LOGISTICS, LLC, PENSKE
TRUCK LEASING CO., L.P., a Delaware
corporation, and DOES 1 through 125,
inclusive,,

               Defendants.

CASE NO.  37-2008-00076108-CU-OE-CTL

**NOTICE TO ADVERSE PARTY OF
REMOVAL TO FEDERAL COURT**

Action Filed:      January 17, 2008
I/C Judge:         Yuri Hofmann
Dept.:             C-60

17

18

19

20

21

22

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

1       You are hereby notified that Defendants, Penske Logistics, LLC and Penske Truck

2  Leasing Co., L.P., have on February 19, 2008, filed in the U.S. District Court for the Southern

3  District of California its Notice of Removal of this case.  A copy of the Notice of Removal is

4  attached hereto as Exhibit 1.

5

6  Dated: February 19, 2008           SCOPELITIS, GARVIN, LIGHT, HANSON
                                      &amp;  FEARY, LLP

7                                MCKENNA LONG & ALDRIDGE LLP

8

9                                By: _____

10                                Robert S. Brewer, Jr.
                                Randy S. Grossman

11

12                                Attorneys for Defendants
                                PENSKE LOGISTICS, LLC AND
                                PENSKE TRUCK LEASING CO., L.P.

13

14  SD:22163272.2

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN DIEGO

- 2 -

## CERTIFICATE OF SERVICE

I, Lucy Valdez, certify that I caused to be served upon the following counsel and parties of record a copy of the following document(s):

- **CIVIL COVER SHEET**

- **CLASS ACTION – NOTICE OF REMOVAL**

via personal service, overnight mail (VIA UPS), facsimile, first class mail or e-mail, as indicated below:

Michael D. Singer, Esq.                                          *Attorneys for Plaintiffs*
J. Jason Hill, Esq.
COHELAN & KHOURY
650 C Street, Suite 200
San Diego, CA 92101

**Via Personal Delivery**

Executed on **February 19, 2008,** in San Diego, California.

_____
Lucy Valdez

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 147798   — SH

# February 19, 2008
# 15:39:28

# Civ Fil Non-Pris
USAO #.: 08CV0318
Judge..: JANIS L. SANMARTINO
Amount.:                    $350.00 CK
Check#.: BC146200

# Total—>   $350.00

FROM: DILTS ET AL PENSKE LOGISTICS E
     2 CHECKS BC 146200 & BC6936

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**ORIGINAL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Mickey Lee Dilts, Ray Rios and Donny Dushaj

**DEFENDANTS**

Penske Logistics, LLC and Penske Truck Leasing Co., L.P.

(b) County of Residence of First Listed Plaintiff **San Bernardino**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Berks County, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Michael D. Singer and J. Jason Hill, Cohelan & Khoury
650 C Street, Suite 200, San Diego, CA 92101; (619) 595-3001

Attorneys (If Known)

See Attachment **08 CV 0318 JLS BLM**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1   Original
Proceeding

☒ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332(d)(2), 1441, 1446, 1453

Brief description of cause:
Claims for employee-related compensation

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):   JUDGE

DOCKET NUMBER

DATE
02/19/2008

SIGNATURE OF ATTORNEY OF RECORD
*Randy S. Berman*

**FOR OFFICE USE ONLY**

RECEIPT #  147798   AMOUNT  $350   APPLYING IFP   JUDGE   MAG. JUDGE

Ser 2/19/08

Civil Cover Sheet Attachment

Defendants' attorneys:

Christopher C. McNatt, Jr.
Cal. Bar No. 174559
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
(626) 795-4700
Fax: (626) 795-4790
cmcnatt@scopelitis.com

Robert S. Brewer, Jr.
(619) 595-5408
rbrewer@mckennalong.com
Randy S. Grossman
(619) 595-8003
rgrossman@mckennalong.com
MCKENNA LONG & ALDRIDGE
750 B Street
Suite 3300, Symphony Towers
San Diego, CA 92101-8105