CHRISTOPHER C. MCNATT JR. (SBN 174559)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790
cmcnatt@scopelitis.com

ROBERT S. BREWER JR. (SBN 65294)
RANDY S. GROSSMAN (SBN 17780)
MCKENNA LONG & ALDRIDGE
Suite 3300, Symphony Towers
750 B Street
San Diego, CA 92101-8105
Telephone: (619) 595-5400
Facsimile: (619) 595-5450
rbrewer@mckennalong.com
rgrossman@mckennalong.com

Attorneys for Defendants
PENSKE LOGISTICS, LLC
AND PENSKE TRUCK LEASING CO., L.P.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICKEY LEE DILTS, RAY RIOS, and DONNY DUSHAJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PENSKE LOGISTICS, LLC, PENSKE TRUCK LEASING CO., L.P., a Delaware corporation, and DOES 1 through 125, inclusive,<br><br>Defendants. | **Case No. 08 CV 0318 JLS BLM**<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS PENSKE LOGISTICS, LLC AND PENSKE TRUCK LEASING CO., L.P. TO PLAINTIFFS' CLASS ACTION COMPLAINT** |

Defendants, Penske Logistics, LLC ("Penske Logistics"), and Penske Truck Leasing Co., L.P. ("Penske Truck Leasing"), by counsel, and pursuant to Fed.R.Civ.P. 8(b) and (c) respectfully submit the following Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint for Damages, Injunctive Relief, and Restitution:

**ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**

## I. INTRODUCTION

1. Defendants deny the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Defendants deny the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendants deny the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendants deny the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendants deny the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Complaint.

## II. JURISDICTION AND VENUE

9. The allegations contained in paragraph 9 of Plaintiffs' Complaint are denied as moot as a result of the removal of this case to this Court. This Court has jurisdiction of this case.

10. The allegations contained in paragraph 10 of Plaintiffs' Complaint regarding venue are denied as moot as a result of the removal of this case to this Court.

## III.
## THE PARTIES

### A. The Plaintiffs

11. Defendants admit Plaintiff, Mickey Lee Dilts, is a resident of the State of California and has been employed by Penske Logistics in Ontario, California, as an hourly employee driver, but deny the remaining allegations of paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit Plaintiff, Ray Rios, is a resident of the State of California and has been employed by Penske Logistics in Ontario, California, as an hourly employee, but deny the remaining allegations of paragraph 12 of Plaintiffs' Complaint.

13. Defendants admit Plaintiff, Donny Dushaj, has been a resident of the State of California in the past and was formerly employed by Penske Logistics in Ontario, California, as an hourly driver employee, but deny the remaining allegations of paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

### B. The Defendants

15. Defendants admit Penske Logistics operates from facilities in California and employed Plaintiffs in California, but deny the remaining allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendants admit Penske Truck Leasing owns and operates facilities in California, but deny the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

## IV.
## GENERAL ALLEGATIONS

19. Defendants admit that they each have conducted business in California, that they each employ hourly drivers in California, that Penske Logistics employs hourly drivers to make appliance deliveries to, among other places, individual homeowners, contractors, and developers, but deny the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that Penske Logistics employs hourly drivers and installers in California, and that Penske Truck Leasing employs hourly drivers, but deny the remaining allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Defendants admit that they have employed, in combination, several hundred employee drivers and installers, but deny the remaining allegations in paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit that they have a computer system to record the time worked by their respective hourly employees, which deducts 30 minutes from the hours worked of certain of their respective employees, but deny the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants admit that Penske Logistics employed the named Plaintiffs and paid them on an hourly basis, but deny the remaining allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

## V.
## CLASS ACTION ALLEGATIONS

30. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a class action, but deny the remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a class action, but deny the remaining allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a class action, but deny the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a class action, but deny the remaining allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a class action, but deny the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a class action, but deny the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a class action, but deny the remaining allegations contained in paragraph 36 of Plaintiffs' Complaint.

37. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and all others similarly situated as a class action, but deny the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38. The allegations contained in paragraph 38 of Plaintiffs' Complaint are not directed at Defendants and do not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

**A. Numerosity**

40. Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

**B. Commonality**

42. Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.

**C. Typicality**

43. Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Complaint.

**D. Adequacy of Representation**

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' Complaint and therefore deny the same.

**E. Superiority of Class Action**

45. Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

## VI.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

46. Defendants incorporate by reference as if fully set out here their responses to the allegations contained in paragraphs 1 through 45 of Plaintiffs' Complaint.

47. Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

### SECOND CAUSE OF ACTION

50. Defendants incorporate by reference as if fully set out here their responses to the allegations contained in paragraphs 1 through 49 of Plaintiffs' Complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

### THIRD CAUSE OF ACTION

54. Defendants incorporate by reference as if fully set out here their responses to the allegations contained in paragraphs 1 through 53 of Plaintiffs' Complaint.

55. Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION

58. Defendants incorporate by reference as if fully set out here their responses to the allegations contained in paragraphs 1 through 57 of Plaintiffs' Complaint.

59. The allegations contained in the first sentence of paragraph 59 of Plaintiffs' Complaint are assertions of law to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations contained in paragraph 59 of Plaintiffs' Complaint.

60. The allegations contained in the first sentence of paragraph 60 of Plaintiffs' Complaint are assertions of law to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations contained in paragraph 60 of Plaintiffs' Complaint.

61. The allegations contained in paragraph 61 of Plaintiffs' Complaint are assertions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

## FIFTH CAUSE OF ACTION

62. Defendants incorporate by reference as if fully set out here their responses to the allegations contained in paragraphs 1 through 61 of Plaintiffs' Complaint.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65. Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68. Defendants deny the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69. Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71. Defendants deny the allegations contained in paragraph 71 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

1. Plaintiffs have failed to state a claim upon which relief can be granted on all causes of action.

2. Some or all of Plaintiffs' claims are barred by the doctrine of laches.

3. Some or all of Plaintiffs' claims are barred by the doctrine of payment.

4. Some or all of Plaintiffs' claims are barred by the doctrine of waiver.

5. Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

6. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

7. Some or all of Plaintiffs' claims are barred to the extent they are preempted by federal statutes and regulations applicable to motor carriers, including the hours of service regulations of the U.S. Department of Transportation.

8. Plaintiffs are not entitled to any penalty award under any Cal. Labor Code provision because at all times relevant and herein, Defendants acted in good faith and had reasonable grounds for believing that they did not violate the wage provisions of the California Labor Code.

9. Plaintiffs are barred from pursuing the claims in the Complaint by the doctrine of unclean hands.

10. The Complaint is barred because any recovery from Defendants would result in Plaintiffs' unjust enrichment.

11. Plaintiffs, or some of them, lack standing to seek injunctive relief because they are no longer employed by Defendants.

12. Plaintiffs' claims for relief under California Business and Professions Code section 17200 *et seq.* are barred because Plaintiffs are not seeking recovery of a quantifiable sum owed by Defendants to Plaintiffs.

13. Plaintiffs' claims for relief under California Business and Professions Code section 17200 *et seq.* are barred because California Business and Professions Code section 17200 *et seq.*, as stated and sought to be applied by Plaintiffs, violate Defendants' rights under the United States Constitution in that, among other things, they are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

14. To the extent Plaintiffs' claim overtime wages, their claim is barred by the Motor Carrier exemption. 29 U.S.C. § 213(b)(1); 8 Ca. Code Regs § 11090(3)(L)(1); IWC Wage Order 9-2001 § 3(L)(1).

15. Any alleged “off the clock” work by Plaintiffs was de minimis and thus not compensable under California law.

16. Plaintiffs’ meal period violation claims are barred to the extent Plaintiffs, and the group of persons they purport to represent, were provided meal periods.

17. Plaintiffs’ claims under Cal. Labor Code § 226.7,512; 8 Cal. Code Regs §§ 11090(11) and (12); IWC Wage Order 9-2001(11) and (12), are barred because they are an undue burden upon interstate commerce in violation of the U.S. Constitution.

18. Plaintiffs’ rest period violation claims are barred because Defendants authorized and permitted Plaintiffs, and the group of persons they purport to represent, to take rest periods in accordance with California law.

19. Plaintiffs’ claim under Cal. Labor Code section 226 is barred on the grounds that there was no “knowing and intentional failure” on Defendants’ part to provide proper itemized earnings statements, nor did Plaintiffs or the classes of persons they purport to represent suffer injury as a result of any alleged violation of California Labor Code section 226.

20. Defendants will rely on all defenses lawfully available to them at the time of trial and reserves the right to amend their Answer and Affirmative Defenses to include additional defenses after the completion of discovery.

WHEREFORE, Defendants respectfully request that Plaintiffs take nothing by way of the Complaint, for an award of attorney fees and costs of this action, and for all other necessary and proper relief.

Dated: February 26, 2008

Respectfully submitted,

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP

MCKENNA LONG & ALDRIDGE LLP

*/s/Christopher C. McNatt, Jr.*
Christopher C. McNatt, Jr.

Attorneys for Defendants,
PENSKE LOGISTICS, LLC AND
PENSKE TRUCK LEASING CO., L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically this 26th day of February 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Michael D. Singer, Esq.,
COHELAN & KHOURY
650 C Street, Suite 200
San Diego, CA 92101

*/s/Christopher C. McNatt, Jr.*
Christopher C. McNatt, Jr.

h:\users\lnewton\rjt\penske-7561\51-by dilts - ca class action\plead\answer &aff.def.doc