1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  MICKEY LEE DILTS, RAY RIOS, AND
    DONNY DUSHAJ,
12
                              Plaintiffs,
13       vs.
14  PENSKE LOGISTICS, LLC, PENSKE
    TRUCK LEASING CO., L.P., et al.,
15
16                            Defendant.
17

CASE NO. 08-CV-318 JLS (BLM)

**ORDER DENYING PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION**

(Doc. No. 24)

18          Presently before the Court is Plaintiffs' motion for class certification.  (Doc. No. 24.)  The

19  Court is also in possession of Defendants' opposition and Plaintiffs' reply. (Doc. Nos. 36 & 41.)

20  Plaintiffs' motion to certify these class is **DENIED WITHOUT PREJUDICE**.

21          Plaintiffs ask this Court to certify six classes:

22  •    Off-the-Clock Class: "All of Defendants' California-based hourly-paid employees subject to

23        Defendants' 'auto-deduct' time program from January 17, 2004 to present, and to whom

24        Defendants failed to pay wages pursuant to California law for all hours actually caused or

25        suffered to work for Defendants."

26  •    Meal Period Class: "All of Defendants' California-based hourly-paid employees to whom,

27        from January 17, 2004 to the present, Defendants failed to provide 30-minute uninterrupted

28        meal periods, or one additional hour of compensation in lieu thereof, pursuant to applicable

1    orders of the IWC, for each day that meal periods were not provided."

2    •    Rest Period Class: "All of Defendants' California-based hourly-paid employees to whom, from

3    January 17, 2004 to the present, Defendants failed to authorize and permit paid 10-minute rest

4    periods for every four hours worked, or one additional hour of compensation in lieu thereof

5    pursuant to applicable orders of the IWC, for each day that rest periods were not provided."

6    •    2802 Class: "All of Defendants' California-based hourly paid employees to whom, from

7    January 17, 2004 to the present, Defendants failed to properly reimburse all reasonable and

8    necessary expenses incurred by said employees in order to perform Defendants' work."

9    •    203 Class: "All of Defendants' California-based hourly-paid employees who separated from

10   their employment with Defendants at any time between January 17, 2004 to the present and

11   to whom Defendants willfully failed to pay all wages due upon said separation from

12   employment from Defendants."

13   •    17200 Class: "All of Defendants' California-based hourly-paid employees who, from January

14   17, 2004 to the present, were subjected to Defendants' unlawful, unfair or fraudulent business

15   acts or practices in the form of Labor Code violations regarding off the clock work, missed

16   meal periods, missed rest periods, the failure to timely pay all wages owed and/or the failure

17   to properly reimburse employees for reasonable and necessary expenses incurred for the

18   benefit of Defendants."

19        Defendant argues that the definitions for these classes are improper.  "First, each [class

20   definition] is framed to include only those Penske employees who were actually harmed by the

21   complained of actions."  (Opp. at 25.)  According to Defendant, "[c]ourts should refuse to certify

22   classes where . . . membership in the class cannot be determined through objective criteria."  (*Id.*)

23   "Second, Plaintiffs' proffered class definition (sic) apparently seeks to cover all of Penske's California

24   employees."  (*Id.* at 26.)  Plaintiffs all "serviced only the Whirlpool account, one of Penske's 19

25   California customers."  In light of these two problems, Defendant asks the Court to deny the motion

26   to certify.

27        Defendant is correct on these points.  First, it is clear both from Plaintiffs' papers and from

28   their admission at oral argument that they intended these classes to cover only employees working on

1  the Whirlpool account.  However, that intent is not conveyed in the class definitions.

2      Further, by supplying the Court with class definitions where membership is not readily

3  determinable at present Plaintiffs have failed to carry their class certification burden.  Although it is

4  not explicitly spelled out in Rule 23, Courts require an adequate class definition before they will

5  certify a class.  This definition must identify "a distinct group of plaintiffs whose members [can] be

6  identified with particularity."  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.

7  1978).  The primary goal of this requirement "is to make it 'administratively feasible' for the court

8  to determine individual class membership."  *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D.

9  586, 593 (E.D. Cal. 2008) (citing *Aiken v. Obledo*, 442 F. Supp. 628, 658 (E.D. Cal.1977)).  Therefore,

10  courts look to whether the class definition supplies "objective criteria" by which membership may be

11  "presently ascertainable," such as "a defendant's own actions and the damages caused by such actions,

12  or even just geographical boundaries."  *Id.*  However, "the class need not be so ascertainable that

13  every potential member can be identified at the commencement of the action.  As long as 'the general

14  outlines of the membership of the class are determinable at the outset of the litigation, a class will be

15  deemed to exist.'"  *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (internal

16  citations omitted).  In this case, none of the classes' membership is objectively ascertainable.

17      In light of these deficiencies, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs'

18  motion.  At oral argument, Plaintiffs' counsel suggested that these definitions could be modified to

19  address the Court's concerns.  Although the Court has discretion to make such alterations, it will leave

20  the burden of proposing adequately defined classes on Plaintiffs.  *Campbell*, 253 F.R.D. at 594.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1   Further, the Court believes this entire motion should be re-briefed in light of the relevant changes.

2   The updated class definitions may impact the questions this Court will ask under Rule 23, and the

3   parties should have a full opportunity to air their respective views.  Thus, the Court's denial of this

4   motion is without prejudice.  If Plaintiffs wish to file a renewed motion for class certification

5   addressing the deficiencies identified by the Court, they **SHALL FILE** their motion <u>within sixty days</u>

6   of the date this order is electronically docketed.

7          IT IS SO ORDERED.

8   DATED:  October 23, 2009

9                                               _Janis L. Sammartino_____
                                                Honorable Janis L. Sammartino
10                                              United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28