UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEY LEE DILTS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>PENSKE LOGISTICS, L.L.C., et al.,<br><br>        Defendants. | Case No. 08cv0318-JLS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**<br><br>[ECF No. 91] |

The instant discovery dispute arises from requests for production of documents and special interrogatories separately served on Penske Logistics, LLC and Penske Truck Leasing, Co., L.P. (collectively "Defendants") by Plaintiffs Mickey Lee Dilts and Ray Rios on or about February 11, 2011. ECF No. 91-1 ("Pls.' Mem.") at 1. On March 15, 2011, the day Defendants' discovery responses were due, Defendants' counsel emailed Plaintiffs' counsel and requested a one week extension. Id., Ex. 7 at 51. Plaintiffs' counsel responded the next day and agreed to the extension. Id. at 50. The following week, on March 22, 2011, defense counsel emailed Plaintiffs' counsel and again requested additional time to comply with discovery requests. Id. Plaintiffs' counsel granted Defendants an additional week to respond, but noted that in the future, Plaintiffs would require specific details as to why any additional delay would be necessary. Id. at 49. Almost one month later, on April 18, 2011, Plaintiffs' counsel followed up with defense counsel seeking the current status of the Defendants' discovery responses because Plaintiffs still had not

received any formal responses.  Id.  On April 21, 2011, after no response from defense counsel, Plaintiffs' counsel again emailed defense counsel about the overdue discovery responses.  Id.

On June 9, 2011, counsel for both sides contacted this Court's clerk to discuss the instant discovery dispute.  Id. at 42.  During the call, counsel for both parties agreed that Defendants would serve their responses and documents by June 16, 2011.  Id.  The Court issued an order authorizing Plaintiffs to file a motion to compel if Defendants did not comply with that agreement. ECF No. 90.  Defendants did not do so (ECF No. 98-2, Ex. C at 18) and, therefore, in accordance with the order, Plaintiffs filed their motion to compel on June 17, 2011.  ECF No. 91.  Defendants opposed the motion on June 24, 2011 (ECF No. 94), and Plaintiffs filed a reply brief on July 1, 2011 and a sur-reply brief on July 11, 2011.  See ECF Nos. 98 & 100.  The Court took the matter under submission.  See ECF No. 90.

## LEGAL STANDARD

The Federal Rules generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Id.  District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

A party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Id. at 34(b).  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Id. at 34(a)(1).

Similarly, an interrogatory may relate to any matter that may be inquired under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath."  Id. at 33(b).  The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to

the interrogating party.  Id. at 33(d).

## DISCUSSION

### Documents

Plaintiffs request that the Court enter an order compelling Defendants to comply with their document requests by producing all responsive documents.  Pls.' Mem. at 4.  Defendants do not object to the substance of Plaintiffs' document requests and simply state that they have "produced nearly all the remaining requested documents" and that the only additional documents that need to be produced are: (1) payroll records; (2) the Xata records; and (3) the E Time cards for some of the remaining drivers.  ECF No. 94 ("Defs.' Resp.") at 2-3.  In fact, in their response to Plaintiffs' motion, Defendants only request that the Court provide them with a short extension of time (until July 7, 2011) to respond to Plaintiffs' document requests.  Id.  Plaintiffs agreed to the extension of time to respond; however, after Defendants failed to produce the additional documents by July 7, 2011, Plaintiffs renewed their request.  ECF No. 100 ("Pls.' Sur-Reply") at 2.

Because the parties agree that the requested documents are relevant to the subject matter of the instant litigation, properly requested, and in the Defendants' possession, custody or control, the Court **GRANTS** Plaintiffs' motion to compel Defendants to comply with the document requests.  See Fed. R. Civ. P. 34(a)(1).  Defendants must provide ALL documents responsive to Request for Production of Documents [Set Two] to Plaintiffs on or before **July 27, 2011**.

### Interrogatories

Plaintiffs move to compel supplemental responses to Special Interrogatories 26-35 [Set Two].  See Pls.' Mem., Pls.' Reply, & Pls.' Sur-Reply.  Plaintiffs argue that Defendant Penske Truck Leasing Co., L.P.'s responses to the interrogatories are insufficient because Defendant Penske Truck Leasing's response to all but one interrogatory is that "Penske Truck Leasing did not employ any class members during the relevant time period."  Pls.' Mem, Ex. 8 at 66-67.  Plaintiffs argue that Defendant Penske Logistics, LLC's responses to the interrogatories are insufficient because most of the responses direct Plaintiffs to "see response to Request no. 38 of Request for Production of Documents propounded by Plaintiff, Mickey Lee Dilts, to Penske Logistics, LLC" or

to look at "Exhibit A" for the information requested. Pls.' Reply, Ex. B at 4-7. Plaintiffs find these responses to be "inappropriate under the circumstances" and an attempt to improperly shift the burden of responsibility from Defendants to Plaintiffs. Pls.' Reply at 3. Because Plaintiffs only explained their specific objections to Defendants' interrogatory responses in their Reply, Defendants did not address the sufficiency of their interrogatory responses except to say that they "have provided the signed versions of the written discovery responses." Defs.' Resp. at 2.

**Penske Truck Leasing Company L.P.'s Responses to Interrogatories 26-35**

With the exception of interrogatory 29, Penske Truck Leasing Co., L.P. responded to interrogatories 26-35 by stating that "Penske Truck Leasing did not employ any class members during the relevant time period." Pls.' Mem, Ex. 8 at 66-67. Plaintiffs' objection to this response is unclear. Plaintiffs state that "even though this Discovery was propounded from Plaintiff Dilts to *PENSKE LOGISTICS, LLC*, Defendant PENSKE TRUCK LEASING objected to the Discovery, as not being the actual employer and therefore did not respond." Pls.' Reply at 2. However, the exhibit that Plaintiffs reference, Pls.' Mem, Ex. 8 at 66-67, shows that the interrogatories were propounded by Plaintiff Dilts to Defendant Penske Truck Leasing and were answered by Penske Truck Leasing. Because Penske Truck Leasing responded to interrogatories 26-35 [Set Two], Plaintiffs' request that the Court Order Penske Truck Leasing Co., L.P. to specifically answer interrogatories 26-35 is **DENIED**.

**Penske Logistics, LLC's Responses to Interrogatories 26-35**

Defendant Penske Logistics, LLC responded to interrogatories 26-28 and 30-32 by directing Plaintiffs to "see response to Request no. 38 of Request for Production of Documents propounded by Plaintiff, Mickey Lee Dilts, to Penske Logistics, LLC" and to interrogatories 33-35 by stating that the answers are "set forth in the attached Exhibit A." Pls.' Reply, Ex. B at 4-7. Plaintiffs argue that the production of documents is not an appropriate response and ask the Court to require Defendant Penske Logistics, LLC to provide a "concrete number," a statement that Defendant does not know the answer, or another "definitive and concrete" answer. Pls.' Reply at 4-5.[1]

---

[1] Plaintiffs also assert that Defendant Penske Logistics, LLC "FAILED TO RESPOND TO THE DISCOVERY on the erroneous grounds that the Discovery was propounded to PENSKE TRUCK LEASING, CO., L.P., when in fact it was not." Pls.' Reply at 2-3. Not only is this statement untrue, Plaintiffs have provided Defendant Penske Logistics, LLC's

The Federal Rules of Civil Procedure authorize a party to respond to interrogatories by producing business records that contain the requested information. Fed. R. Civ. P. 33 (d). As Rule 33 explains,

> [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Id. While Plaintiffs have attached some of the documents referenced by Penske Logistics, LLC in the interrogatories as part of their motion[2], they have not discussed the type, quantity or quality of documents at issue, nor explained why it would be unduly burdensome for them to do the necessary compiling. This makes it impossible for the Court to determine if the documents are business records[3], how specific Defendants have been with their responses[4], and how much of a burden the Defendants are placing on Plaintiffs[5]. Plaintiffs also have not any alleged facts

---

responses to the discovery. See Pls.' Reply, Ex. B.

[2] Plaintiffs included an "Exhibit A" at the end of Defendant Penske Logistics, LLC's Answers to Special Interrogatories 33-35 [Set Two] which could be the same exhibit referenced by Defendant in its interrogatory answers. Pls.' Reply, Ex. B at Ex. A 8-16. However, the exhibit provided to the Court does not appear to be complete as it is only eight pages long and contains a seven page document that is missing pages 2, 3, 5 and 7. Id.

[3] See Wagner v. Fishing Co. Of Alaska, Inc., 2008 WL 2813333, *1 (W.D.Wash. July 18, 2008) (noting that Fed. R. Civ. P. 33(d) has been narrowly interpreted by the courts and that in cases not involving "business records" federal courts have generally refused to let parties respond to interrogatories by referring to outside materials) (citing Illinois Nat'l Bank & Trust Co. V. Canton, 136 FRD 682, 687 (D. Kan. 1991)).

[4] See Mancini v. Insurance Corp. of New York, 2009 WL 1765295 (S.D.Cal., June 18, 2009) (finding that referring to a wide universe of documents does not specify the records in sufficient detail) (citing Dibbs v. The Franklin Mint, 2007 WL 4327876 (W.D.Wash. Dec.10, 2007) (responding to interrogatory by referencing entire document production does not specify records in sufficient detail.)).

[5] See Fed. R. Civ. P. 33(d) (if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying business records that contain the answer); see also McKie v. Sears Protection Co., 2011 WL 1670910, *1 (D.Oregon, May 3, 2011) ("the rationale behind Rule 33(d) is to shift the burden of compiling the information and, accordingly, ascertaining the answer, from the producing party to the interrogating party. Thus, where one of the parties must undertake the task of compiling the information and the records presented are not voluminous or indecipherable, the interrogating party should bear the responsibility of compiling the information.") (quoting Sadofsky v. Fiesta Products, LLC, 252 F.R.D. 143, 148 (E.D.N.Y.2008)).

indicating that Defendants created an unequal burden for the Plaintiffs, for example, by choosing to provide a mass of records as opposed to an already existing compilation or summary. See Fed. R. Civ. P. 33(d), Adv. Comm. Notes (1980) (stating that "if the information sought exists in the form of compilations, abstracts or summaries then available to the responding party, those should be made available to the interrogating party").  Moreover, Plaintiffs have not alleged that the referenced records do not contain the sought after information or that they cannot extract the information from the records. See Dibbs, 2007 WL 4327876 at *1 (finding that "a party claiming that the opposing party inappropriately used Fed. R. Civ. P. 33(d) must make a prima facie case showing that the use of this rule is somehow inadequate, either because the information is not fully contained in the documents or because it is too difficult to extract").  Finally, because Plaintiffs did not raise this issue in its moving papers, Defendants also did not address any of these issues or considerations in their opposition.

Given the lack of information provided by Plaintiffs, as well as the fact that this dispute was initially raised in Plaintiffs' Reply so there is no response from Defendants, there is no basis for the Court to find that the production of documents is an inadequate response to the special interrogatories [Set Two] 26-35.  Therefore, Plaintiffs' request "that the Court enter an Order specifically compelling Defendants to respond to the interrogatories at issue" is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 21, 2011

BARBARA L. MAJOR
United States Magistrate Judge