1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13

MICKEY LEE DILTS, RAY RIOS, and
DONNY DUSHAJ, on behalf of them-
selves and all others similarly situated,

Plaintiffs,

14      v.

15
16

PENSKE LOGISTICS, LLC, PENSKE
TRUCK LEASING CO., L.P., a Delaware
corporation, and DOES 1 through 125,
inclusive,

17      Defendants.

Civil        08cv318-CAB (BLM)
No.

**ORDER GRANTING MOTION FOR
ENTRY OF JUDGMENT
PURSUANT TO RULE 54(B)**

**[Doc. No. 118.]**

18
19      This matter is before the Court on Defendants' motion for Entry of Judgment pursuant
20  to Fed. R. Civ. P. 54(b). [Doc. No. 118.] The Court notes that Plaintiffs do not oppose this
21  motion, [Doc. No. 121,] and intend to appeal the order on the Partial Summary Judgment.
22  [*See* Doc. 118 at 3.] The Court held a hearing on this matter on March 22, 2012.  James J.
23  Hill, Esq. and Michael D. Singer, Esq. appeared on behalf of the plaintiffs and Christopher
24  McNatt, Jr., Esq., and James H. Hanson, Esq. appeared on behalf of the defendants.  Having
25  considered the briefing of the parties, the authority cited therein, and the representations
26  made by counsel at the hearing, the motion is **GRANTED**.
27      Pursuant to Fed. R. Civ. P. 54(b), a district court may certify an issue for interlocutory
28  appeal prior to the ultimate disposition of the case so long as there is no just reason for

delay. *See Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 3 (1980). Defendants seek Rule 54(b) certification on the Second and Third Causes of Action to the complaint, in which plaintiffs claim that defendants violated certain provisions of the California Labor Laws with respect to meal and rest periods for employees. On October 19, 2011, the Court granted Partial Summary Judgment as to these claims, as well as the Fifth Cause of Action to the extent that it alleges an Unfair Competition Law claim derivative of those claims.[Doc. No. 112.] Specifically, the Court found that the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501, preempts plaintiffs' claims for violations of California meal and rest break laws. *Id.* at 20.

The Court finds that the causes of action relating to meal and rest periods are legally and factually distinct and severable from the remaining claims in this litigation, which relate to overtime compensation and alleged failure to comply with itemized employee wage statement provisions pursuant to the California Labor Code. Thus, immediate appellate review of the Second and Third causes of action will not result in later duplicative proceedings in the trial or appellate courts. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-879 (9th Cir. 2005). The Court also finds that, in light of Defendants' representation that several other motor carrier operators in California are subject to litigation upon which the determination of the preemption of California's meal and rest break laws depend, there is no just reason for delay in pursuing the appeal of the Second and Third causes of action. *Id.*

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion for Entry of Judgment under Rule 54(b) [Doc. No. 118] is GRANTED.

DATED:  March 22, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge

08cv318