Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
**COHELAN KHOURY & SINGER**
605 "C" Street, Suite 200
San Diego, CA 92101-5305
Telephone:  (619) 595-3001
Facsimile:   (619) 595-3000

Attorneys for Plaintiffs MICKEY LEE DILTS,
RAY RIOS, and DONNY DUSHAJ

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEY LEE DILTS, RAY RIOS, and DONNY DUSHAJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PENSKE LOGISTICS, LLC, PENSKE TRUCK LEASING CO., L.P., a Delaware corporation, and DOES 1 through 125, inclusive,<br><br>Defendants. | Case No.  08 CV 0318 CAB (BLM)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO BIFURCATE THE LIABILITY AND DAMAGES PHASES OF TRIAL**<br>**[Fed. R. Civ. P. 42(b)]**<br><br>The Hon. Cathy Ann Bencivengo<br>Courtroom 4C<br>Hearing Date:   April 19, 2013<br>Time:                  2:30 p.m.<br><br>Complaint Filed:   January 17, 2008<br>Trial Date:            None set |

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ................................................................................................1

RELIEF REQUESTED ................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .....................................................2

I.   STATEMENT OF FACTS ...................................................................................2

II.  ARGUMENT .......................................................................................................3

    A.   Legal Standard for Bifurcation Order Under Rule 42(b) ...............................3

    B.   The Court Should Order Bifurcation Because Liability and
        Restitution/Damages/Penalties Issues are Distinct and Separable ................5

    C.   Bifurcation Serves the Ends of Convenience and Judicial
        Economy ......................................................................................................9

III. CONCLUSION .................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page**

*Alcantar v. Hobart Serv.*
   2013 U.S. Dist. LEXIS 6752 (C.D. Cal. 2013) ................................................... 6, 8

*Anderson v. Mt. Clemens Pottery Co.*
   328 U.S. 680 (1946) ............................................................................................. 4, 7

*Arthur Young & Co. v. U.S. District* Court
   549 F.2d 686 (9th Cir. 1977) ................................................................................. 10

*Bates v. United Parcel Service*
   204 F.R.D. 440 (N.D. Cal. 2001) ............................................................................ 3

*Bell v. Farmers Insurance Exchange*
   115 Cal.App.4th 715 (2004) ................................................................................... 8

*Bradley v. Networkers Internat., LLC*
   211 Cal.App.4th 1129 (2012) ................................................................................. 6

*Brinker Restaurant Corp. v. Superior Court*
   53 Cal.4th 1004 (2012) .................................................................................. 6, 7, 8

*Butler v. Sears*
   702 F.3d 359 (7th Cir. 2012) .................................................................................. 8

*Donovan v. Bel-Loc Diner, Inc.*
   780 F.2d 1113 (4th Cir. 1985) ............................................................................ 7, 8

*Ellis v. Costco Wholesale Corp.*
   285 F.R.D. 492 (N.D. Cal. 2002) ........................................................................ 2, 8

*Giro Sport Design, Inc. v. Pro-Tec, Inc.*
   1989 U.S. Dist. LEXIS 9423 (N.D. Cal. Mar. 17, 1989) ....................................... 4

*Goldman v. Radioshack Corp.*
   2005 U.S. Dist. LEXIS 9174 (E.D. Pa. May 13, 2005) ...................................... 5, 9

*Hernandez v. Mendoza*
   199 Cal.App.3d 721 (1988) .................................................................................... 7

*Hodge v. Superior Court*
    145 Cal.App. 4th 278 (2006) ................................................................................5

*Int'l Bhd. of Teamsters v. United States*
    431 U.S. 324 (1977) .......................................................................................... 2, 9

*Kwikset Corp. v. Superior Court*
    51 Cal.4th 310 (2011) .........................................................................................5

*Lamon v. City of Shawnee*
    1990 U.S. Dist. LEXIS 10608 (D. Kan. July 10, 1990) .....................................9

*Li v. A Perfect Day Franchise, Inc.*
    2012 U.S. Dist. LEXIS 83677 (N.D. Cal. 2012) ................................................8

*Morgan v. Family Dollar Stores, Inc.*
    551 F.3d 1233 (11th Cir. 2008) ..........................................................................7

*Openwave Sys. v. Myriad Fr. S.A.S.*
    2011 U.S. Dist. LEXIS 69797 (N.D. Cal. June 29, 2011) .................................5

*Pellegrino v. Robert Half Int'l, Inc.*
    182 Cal. App. 4th 278 (Cal. App. 4th Dist. 2010) ..............................................9

*Rees v. Souza's Milk Transp. Co.*
    2008 U.S. Dist. LEXIS 11370 (E.D. Cal. Jan. 29, 2008) ................................8, 9

*Reich v. Dep't of Conserv. & Nat. Res.*
    28 F.3d 1076 (11th Cir. 1994) ............................................................................9

*Reich v. S. New Eng. Telecom Corp.*
    121 F.3d 58 (2d. Cir 1997) .................................................................................7

*Ricaldai v. US Investigation Services, LLC*
    2012 U.S. Dist. LEXIS 73279 (C.D. Cal. 2012) ................................................6

*Steinberg Moorad & Dunn Inc. v. Dunn*
    136 F. App'x 6 (9th Cir. 2005) ...........................................................................5

*Stewart v. City and County of San Francisco*

834 F. Supp. 1233 (N.D. Cal. 1993)..................................................................9

*Thiebes v. Wal-Mart Stores Inc.*
 2004 U.S. Dist. LEXIS 15263 (D. Or. July 26, 2004) ............................................9

*United States v. Shell Oil Co.*
 1992 U.S. Dist. LEXIS 3947 (C.D. Cal. Jan. 17, 1992)...........................................4

*Wang v. Chinese Daily Newspaper*
 (2013 U.S.App. LEXIS 4423 (March 4, 2013) ................................................... 2, 8

## STATUTES AND REGULATIONS

**Page**

*California Business of Professions Code*
 § 17200 ............................................................................................................1, 5

*California Labor Code*
 § 203 ...................................................................................................................... 6
 § 226 ...................................................................................................................... 6
 § 2802 .................................................................................................................... 7

*Federal Rules of Civil Procedure*
 Rule 42(b) ................................................................................................ 1, 3, 4,10

# NOTICE OF MOTION

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD: Please take notice that on April 19, 2013, or as soon thereafter as this matter can be heard, in the Courtroom of the Honorable Cathy Ann Bencivengo, Courtroom 4C, Suite 4165, 221 West Broadway, San Diego, California, Plaintiffs MICKEY LEE DILTS, RAY RIOS, and DONNY DUSHAJ ("Plaintiffs") will, and hereby do, move the Court for an order bifurcating the liability and damages issues into two trial phases. This motion is made pursuant to Rule 42(b) of the Federal Rules of Civil Procedure ("Rule 42(b)") and Civil Local Rule 7-2. Plaintiffs' motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of J. Jason Hill, the oral arguments of counsel and all other pertinent papers and authority contained in the Court's files, as may be presented at the time of hearing of said motion.

# RELIEF REQUESTED

Plaintiffs seek an order bifurcating the liability and restitution/damages/penalties issues at trial into two distinct phases. Phase One will be tried to the Court sitting in equity to address liability under Business & Professions Code section 17200 ("UCL"), with Plaintiffs waiving jury for a determination of liability under California labor law[1]. Plaintiffs seek trial on the following liability questions against Defendants PENSKE LOGISTICS, LLC and/or PENSKE TRUCK LEASING CO., L.P., (hereinafter collectively referred to as "Penske" or Defendants):

(1) Whether Penske is Liable to the Class under the UCL and California labor law for automatically deducting wages of 30 minutes every day such deduction was made because class members were "on-duty" during this time irrespective of whether they took lunches;

---

[1] Plaintiffs also seek bifurcation in the event the matter is tried to a jury.

(2) Whether Penske is Liable to the Class under the UCL and California labor because it automatically deducted 30 minutes from every shift for meal periods including days when class members did not take meal periods or took less than the 30 minutes deducted, and had no procedure to restore deducted time;

(3) Whether Penske is Liable to the Class under the UCL and California labor for tool expenditures deducted from wages or unreimbursed; and

(4) Whether Penske is Liable for Derivative Claims for Unlawful Wage Statements or Waiting Time Late Pay Penalties.

If there is a liability determination in Phase One, Plaintiffs seeks an order requiring Phase Two to commence in order to determine restitution, damages, penalties and interest on a class-wide basis, or alternatively, in procedures before a special master, depending on further Court directive in light of *Wang v. Chinese Daily Newspaper*, __ F.3d __ (9th Cir.2013), (2013 U.S. App. LEXIS 4423 (March 4, 2013).[2] Plaintiffs have given notice of their waiver of jury for all trial proceedings in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  STATEMENT OF FACTS**

Plaintiffs MICKEY LEE DILTS, RAY RIOS and DONNIE DUSHAJ are all former California-based employees of PENSKE LOGISTICS, LLC and/or PENSKE TRUCK LEASING CO., L.P. (hereinafter collectively referred to as "PENSKE"). Plaintiffs were hired as hourly "driver/installers" and "installers" and were assigned to

---

[2]  See, also, *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 97 S. Ct. 1843; 52 L. Ed. 2d 396 (1977);  and *Ellis v. Costco Wholesale Corp.,* 285 F.R.D. 492, 539 (N.D. Cal. 2002), on remand from the Ninth Circuit [the court in a Title VII class action granted certification, approving a trial plan addressing individualized questions as to particular class member's entitlement to relief by utilizing the second stage statutory procedure for back pay granted defendants in Title VII discrimination cases, in which individual class members present their claims for relief in a second phase of trial after liability is established, with the Defendant then given an opportunity to present individualized defenses with respect to each class member.]

PENSKE's Whirlpool account to deliver and install kitchen appliances in California during the Class Period, which is defined as January 17, 2004 until approximately June 19, 2009, when PENSKE ceased to employ driver/installers and installers assigned to the Whirlpool account in California. The Class consists of approximately 344 members.

Plaintiffs filed suit on January 17, 2008 to, among other claims no longer at issue, challenge PENSKE's practice of automatically deducting 30 minutes of work time for every shift over 6 hours from the employees' pay for meal periods class members often could not take or complete, and to challenge the company's practice of either deducting necessary tool expenses from employee pay, or otherwise not reimbursing for tools necessary for appliance installation. On April 26, 2010, the Court granted class certification. [Doc. Nos. 72-74]

PENSKE, for the most part (approximately 70% of the time) failed to adhere to its obligations to record meal period starting and ending times or to follow a policy of permitting class members to submit tool cost expenditures for reimbursement. Had it done so, this case could be tried based on an analysis of corporate time records and reimbursement requests, paying class members the deficit of deducted time during which they were not able to take meal periods and unreimbursed expenses. Because those records do not exist, and for purposes of trial efficiency, plaintiffs move for an order adjudicating the common liability questions in a bifurcated proceeding antecedent to any determination as to restitution, damages, pre-judgment interest, and penalties, which may involve individualized evidence or proceedings[3].

## II.  ARGUMENT

### A.  Legal Standard for Bifurcation Orders Under Rule 42(b).

Rule 42(b) provides that this Court may "order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize . . ." *See also Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001)

---

[3] Proceedings for attorneys' fees, if any, would commence separately, post-trial.

(noting that factors commonly considered under Rule 42(b) include convenience and judicial economy, prejudice to the parties, risk of confusion, and separability of issues). To bifurcate a trial into phases, only <u>one</u> of Rule 42(b)'s requirements must be satisfied. *Giro Sport Design, Inc. v. Pro-Tec, Inc.*, No. C-88-20228-RPA, 1989 U.S. Dist. LEXIS 9423, at * 3-4 (N.D. Cal. Mar. 17, 1989) (Rule 42(b) standards "are in the disjunctive instead of the conjunctive"); *United States v. Shell Oil Co.*, No. CV 91-0589-RJK, 1992 U.S. Dist. LEXIS 3947, at * 29-30 (C.D. Cal. Jan. 17, 1992) ("Only one of Rule 42(b)'s conditions has to be met…"). When ordering a separate trial, however, "the court must preserve any federal right to a jury trial." Fed. R. Civ. P., Rule 42(b).

Plaintiffs have previously urged bifurcation of trial into a liability and damage phase of trial. As far back as 2009, Plaintiffs' Reply Brief in support of the initial Class Certification motion, Plaintiffs argued: "PENSKE also takes issue with Dr. Gorman's proposed outline of techniques to allow for trial of this matter on a class-wide basis. These critiques simply lack any weight in light of the numerous ways in which this case can be tried, including, most likely, a bifurcation of liability in phase I and damages in phase II. Essentially Dr. Reardon wants to see Plaintiff's precise trial methodology plan--which is appropriately left for consideration at a subsequent trial methodology conference after certification." [Doc. No. 41, page 24, lines 16-23].

Also, in opposition to Penske's First Decertification Motion, Plaintiffs referred to a phased liability and damages trial, including the following language: "Plaintiffs propose the evidence presented to the trier-of-fact include evidence of uncompensated but deducted meal period minutes by the survey respondents and a representative sample of the Class, if necessary. Regardless of the trial methodology ultimately approved by the Court, the damages phase of this case is governed by a relaxed proof standard applicable where, as here, the employer has failed to maintain the legally required time records. *Anderson v. Mt. Clemens Pottery Co*. (1946) 328 U.S. 680, 687-88 (*Anderson*)." [Doc. No. 141, at p. 15, lines 18-24].

And, most recently, in opposition to PENSKE's Motion for Reconsideration,

Plaintiffs argued: "Moreover, the Trial Methodology here has not yet been settled. The full scope and form of evidence Plaintiffs will introduce at trial on liability and damages, including trial bifurcation and alternatives for class-wide proof, have not been determined." [Doc. No. 166 at p. 3] And again, in footnote 4 at p. 10, Plaintiffs: "Individualized damage determinations can also be accommodated through other appropriate trial plan methodologies."

### B.   The Court Should Order Bifurcation Because Liability and Restitution/Damages/Penalties Issues are Distinct and Separable.

Bifurcation is appropriate "because the standards and evidence required to prove liability are entirely different than the evidence required to prove damages." *Goldman v. Radioshack Corp.*, 2005 U.S. Dist. LEXIS 9174 (E.D. Pa. May 13, 2005), at * 4. Indeed, the burden of proof as to various liability and damages issues shifts between the parties through each phase of the trial.

Plaintiffs' claim under Business & Professions Code section 17200 ("UCL") is equitable in nature, and tried to the Court. See, e.g., *Openwave Sys. v. Myriad Fr. S.A.S.,* 2011 U.S. Dist. LEXIS 69797, *6: "Openwave's Section 17200 claim is equitable as well and does not trigger any jury-trial rights. *Steinberg Moorad & Dunn Inc. v. Dunn*, 136 F. App'x 6, 9 (9th Cir. 2005) ("Statutory unfair competition is an equitable claim under California law, one that does not provide for damages or a jury trial.")"; see, also, *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 320 (2011) [UCL claims equitable in nature]; *Hodge v. Superior Court*, 145 Cal.App. 4th 278, 284 ["No right to jury trial for a Section 17200 cause of action"]. Plaintiffs are also waiving jury as to the claims for violation of California labor laws, which also points to the efficiency of a bifurcated trial.

In Phase One, Plaintiffs intend to establish the common class questions whether: (1) the class was subject to automatic wage deductions for intra-day "off-duty" time of 30 minutes whether or not the class was relieved of all duty; (2) the automatic deduction resulted in class members not being paid for time they worked; (3) the class either had

tool expenses necessary for appliance installation deducted from pay or were required to purchase and replace their own tools; and (4) PENSKE violated Labor Code sections 203 (late pay) and 226 (wage statement requirements).

As to Issue One, Plaintiffs will present testimony that class members maintained custody and control of, and responsibility for, trucks, cargo, and tools, were in frequent communication with dispatch, and over could not leave job sites when taking meal periods. Penske has not presented any facts, witnesses or documents that show that Class Member were specifically relieved of all duties for these "automatic" break periods or that breaks were provided as duty-free, i.e., free from all employer control and interruption.

As to Issue Two, as set forth at length in Plaintiffs' Memorandum of Contentions of Law and Fact, PENSKE's failure to maintain required records results in application of a reduced burden of proof for plaintiffs, particularly suited to bifurcation. "If an employer's records show no meal period for a given shift over five hours, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided. This is consistent with the policy underlying the meal period recording requirement, which was inserted in the IWC's various wage orders to permit enforcement.' *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1053 (2012) (Werdegar, J. concurring), concurrence followed by *Bradley v. Networkers Internat., LLC*, 211 Cal.App.4th 1129, 1144 (2012) (review denied March 20, 2013). ["[T]he failure to record meal periods produces a rebuttable presumption that meal periods were not provided."]; *Alcantar v. Hobart Serv.,* 2013 U.S. Dist. LEXIS 6752 at *14 (C.D. Cal. 2013) ["The burden is on the employer to show that it relieved an employee of all duty for a meal period, if the employer fails to record the meal period as required."]; *Ricaldai v. US Investigation Services, LLC*, 2012 U.S. Dist. LEXIS 73279 *11 (C.D. Cal. 2012). Plaintiffs will present Penske corporate records, testimony, and intend to present expert survey evidence of class-wide impact of unpaid wages on Issue Two. *Alcantar v. Hobart Serv., supra*, 2013 U.S. Dist. LEXIS 6752, *6 [telephone

- 6 -

Plaintiffs' Motion to Bifurcate                                  Case No.  08 CV 0318 CAB (BLM)

1  survey admissible as proof of liability and damages to estimate average missed meal
2  breaks over statutory period]; *Donovan v. Bel-Loc Diner, Inc*. 780 F.2d 1113, 1115-16
3  (4th Cir. 1985) [Representative testimony of 22 out of 98 employees established the
4  class-wide claim for unpaid wage violations for those who worked during meal breaks];
5  see, also, *Reich v. S. New Eng. Telecom Corp*., 121 F.3d 58 (2d. Cir 1997) [39
6  employees out of 1500 total testified to work duties performed during meal periods];
7  *Brinker Restaurant Corp. v. Superior Court, supra*, 53 Cal.4th at 1054 (Werdegar, J.
8  concurring) ["Representative testimony, surveys, and statistical analysis all are
9  available as tools to render manageable determinations of the extent of liability"];
10 *Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233 (11th Cir. 2008) (representative
11 sample of 7 store managers who worked at 50 out of 6,000 nationwide stores sufficient
12 to establish retail store managers non-exemption). This evidence will establish that
13 PENSKE violated the UCL and California labor laws by deducting time for meal
14 periods not taken such that class members were not paid for time they actually worked.

15    As to the tool claim, Penske maintains records of deductions from payroll for
16 some portion of the class starting in mid-2006 and its corporate representative witness
17 confirmed this practice. That tools are reasonable and necessary to install appliances is
18 the only fact that needs to be established, likely through Class Representative testimony.
19 As to the remainder of the class who were required to purchase replacement or specialty
20 tools, or purchase their own tool sets without wage deduction, the claim arises under
21 Labor Code Section 2802 and related regulations. Again, Plaintiffs need only establish
22 that tools were necessary to perform the installation portion of their job.  In fact, Penske
23 provided a tool menu for costs of tools if they were lost, stolen or broken under any
24 circumstances. Plaintiffs will seek to introduce survey evidence of class-wide impact for
25 tool claims.

26    In Phase Two, assuming a liability determination, Plaintiffs will show aggregate
27 damages on a class-wide basis using survey evidence, following, e.g., *Anderson v. Mt.*
28 *Clemens Pottery Co.*, 328 U.S. 680 (1946), *Hernandez v. Mendoza*, 199 Cal.App.3d

721, 727 (1988), *Alcantar v. Hobart Serv., supra*, 2013 U.S. Dist. LEXIS 6752, *13, *Li v. A Perfect Day Franchise, Inc*., 2012 U.S. Dist. LEXIS 83677, *39-44 (N.D. Cal. 2012), *Brinker Restaurant Corporation v. Superior Court, supra*, 53 Cal.3d at 1054 (Werdegar, J. concurring), *Bell v. Farmers Insurance Exchange* (2004) 115 Cal.App.4th 715, 755 [damages trial based on sample of class members' overtime hours applied to the class], *Donovan v. Bel-Loc Diner, Inc*., *supra*, 780 F.2d at 1115-16 (4th Cir. 1985). The damages evidence, if any, that would arise in Phase Two includes the amount of auto-deduction taken and the amount of tool costs incurred. If liability is not established, then the case is over, with no further drain of resources on the parties or the court.

As to damages, a recent decision by the Ninth Circuit in *Wang v. Chinese Daily News, supra,* pointing to a defendant's right to individualized damages proceedings in addition to class evidence also supports bifurcation of trial and appoint of a special master to hear any individualized defenses:

> In Wal-Mart, the Supreme Court disapproved what it called "Trial by Formula," wherein damages are determined for a sample set of class members and then applied by extrapolation to the rest of the class "without further individualized proceedings." Employers are "entitled to individualized determinations of each employee's eligibility" for monetary relief. Employers are also entitled to litigate any individual affirmative defenses they may have to class members' claims."

*Id*., 2013 U.S. App. LEXIS at *15; see, also, *Butler v. Sears*, 702 F.3d 359, 362 (7th Cir. 2012) ["If necessary, a determination of liability could be followed by individual hearings to determine the damages sustained by each class member"]; *Ellis v. Costco Wholesale Corp., supra*, 285 F.R.D. at 539 [approving trial plan second stage Title VII proceedings for defendants to present affirmative defenses].

California state and federal courts recognize that bifurcation orders are appropriate under analogous circumstances. *See, Rees v. Souza's Milk Transp. Co.*, No. 1:05-cv-00297-LJ-SMS, 2008 U.S. Dist. LEXIS 11370, at * 3-5 (E.D. Cal. Jan. 29, 2008) (bifurcating liability and damages in a motor carrier safety exemption action

brought under both the FLSA and the California Labor Code); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 285-86 (Cal. App. 4th Dist. 2010) (same with respect to the administrative exemption); *see, also*, *Stewart v. City and County of San Francisco*, 834 F. Supp. 1233, 1234 (N.D. Cal. 1993). Likewise, courts outside of California also bifurcate the liability and damages phases in wage and hour class and collective actions. *See generally*, *Reich v. Dep't of Conserv. & Nat. Res.*, 28 F.3d 1076, 1078 (11th Cir. 1994) ("The district court bifurcated the issues of liability and damages…"); *Thiebes v. Wal-Mart Stores Inc.*, No. 98-802-KI, 2004 U.S. Dist. LEXIS 15263, at * 2 (D. Or. July 26, 2004) (ordering "separate trials on liability and damages"); *Lamon v. City of Shawnee*, No. 88-4200-S, 1990 U.S. Dist. LEXIS 10608, at * 3 (D. Kan. July 10, 1990) ("the court finds that convenience, expedition and economy will be promoted by separate trials of the damage and liability issues").

Hence, because the liability and damages issues are readily separable and because Courts regularly issue bifurcation orders in exemption cases, this Court should order bifurcation of the class trial into two phases.

**C.    Bifurcation Serves the Ends of Convenience and Judicial Economy.**

Consideration of judicial economy and expedition is of special import in a class action. *Arthur Young & Co. v. U.S. District* Court, 549 F.2d 686, 697 (9th Cir. 1977), *quoting In re Memorex Security Cases*, 61 F.R.D. 88, 103 (N.D. Cal. 1973). Even without a jury, the parties can adjourn and pick up as necessary, and bifurcation will save time and resources. *See, Goldman*, 2005 U.S. Dist. LEXIS 9174, at * 3-4 ("Bifurcating the trial promotes judicial expedition and economy by limiting evidence to that which is essential to the disposition of the case"); *Rees*, 2008 U.S. Dist. LEXIS 11370, at * 4 ("Determination of the liability issue or issues may completely eliminate the need for adjudication of damages issues …"). Further, even if there is some overlap of damages issues into liability determinations, for economy, the Court can consider only the liability evidence in Phase One without any prejudice to Penske. Indeed, in many cases, Defendants seek bifurcation to prevent the jury from considering damages

until time to do so.

Importantly, bifurcation will promote convenience and judicial economy regardless of the determination during the liability phase. Indeed, if Penske prevails in Phase One, the case is over and the parties need not expend any unnecessary time considering the parties' damages evidence. If Plaintiffs prevail on liability, a bifurcation order will promote convenience and economy by clarifying the scope of Phase Two. For example, if the court determines that there are narrow issues for liability, perhaps in terms of representative testimony from a certain random number of class member, there "may be more scope for individual testimony from class members at the damages phase" See, e.g., *Cruz v, Dollar Tree*, 2010 U.S. Dist. LEXIS 101340, at * 23. Thus, no matter what the outcome of the liability phase, a bifurcation order serves the purposes of Rule 42(b) even where the jury is waived.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully submit that the Court grant this Motion.

                                                 Respectfully submitted,

Dated: March 22, 2013                     COHELAN KHOURY & SINGER

                                           By: /s/ J. Jason Hill
                                               Michael D. Singer
                                               J. Jason Hill
                                               Attorneys for Plaintiffs